CAUSE NO. 25-0732-431

| | | |
|---|---|---|
| G&R STORE, INC., C/O RAMZAN RAJWANY, | § § § § | IN THE DISTRICT COURT |
| | § | \_\_\_\_\_JUDICIAL DISTRICT |
| Plaintiff | § | |
| VS. | § § | |
| MERCEDES-BENZ USA, LLC, | § § | |
| Defendant | § § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW G&R Store, Inc., c/o Ramzan Rajwany, Plaintiff in the above entitled and numbered cause, and files this, it's Original Petition, complaining of Mercedes-Benz USA, LLC ("Defendant"), and for cause would show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level 1 of Texas Rule of Civil Procedure 190.

### II.
### PARTIES

2. Plaintiff, Ramzan Rajwany, an adult individual citizen and legal resident of the State of Texas, and is the owner of G&R Store, Inc., a business licensed in Texas.

3. Defendant, Mercedes-Benz USA, LLC, is a business corporation qualified to do and regularly conducting business in the State of Texas, with its principal place of business located in New Jersey and can be served at its local residence c/o CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

## III.
## JURISDICTION AND VENUE

4. This Court has jurisdiction over the Defendant as it either conducts business in or personally resides in the State of Texas.

5. The amount in controversy is within the jurisdictional levels of this Court.

6. Venue is permissible in DENTON County as Defendant (can be served here) or because Plaintiff is a resident of this County or because the vehicle was purchased and/or repaired in said County.

## IV.
## INTRODUCTION

7. On or about April 18, 2022, Plaintiff purchased a 2022 Mercedes-Benz S580V4, manufactured and warranted by Defendant, bearing Vehicle Identification Number W1K6G7GB4NA133180 (hereinafter "the vehicle").

8. The vehicle was purchased in the State of Texas and registered in Texas.

9. The price of the vehicle and/or the total of payments is approximately $128,389.50.

10. The vehicle's nonconformities were reported to the Defendant and/or its authorized dealer(s) on the following dates: (i) August 17, 2022; (ii) April 24,

2024; (iii) August 5, 2024; (iv) September 4, 2024; (v) September 13, 2024; and (vi) December 4, 2024.

11. The primary vehicle non-conformities include, but are not necessarily limited to, the following: Check Engine Light; Battery Malfunction Light; Stop Assist / Lane Assist; Instrument Cluster; Fuel Door; Electrical Fire; and Transmission.

12. Plaintiff states that as a result of the ineffective repair attempts made by Defendant, through its authorized dealer(s)/agent(s), the vehicle cannot be utilized for the purposes intended by Plaintiff at the time of acquisition and hence, the vehicle is worthless and/or substantially impaired.

13. In consideration for the purchase of the above vehicle, Defendant issued to Plaintiff one or more written warranties on particular items which are in the possession of the Defendant, who created them and is fully aware of their terms.

14. Plaintiff notified the Defendant and/or its authorized dealer(s)/agent(s) on one or more occasions, and/or formally notified the Defendant by letter of Defendant's failure to timely repair the vehicle and requested the return of all funds paid toward the vehicle.

## V.
## TEXAS DECEPTIVE TRADE PRACTICES ACT

15. Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

16. Texas Business & Commerce Code §17.41 et seq. is commonly known as, and will hereinafter be referred to as, the "Texas Deceptive Trade Practices Act" or "TDTPA."

17. Plaintiff is a "Consumer" within the meaning of §17.45(4).

18. Defendant is a "Person" within the meaning of §17.45(3).

19. Defendant provided "Services" to the Plaintiff within the meaning of §17.45(2).

20. Defendant engaged in a "Trade" or "Commerce" within the meaning of §17.45(6).

21. The Defendant has engaged in the following false, misleading or deceptive acts or practices in connection with its goods and/or services, including but not limited to:

    (a) Defendant breached its express warranty pursuant to §17.50(a).

    (b) Defendant breached one or more implied warranties such as the implied warranty of merchantability and/or fitness for a particular purpose pursuant to §17.50(a).

22. Plaintiff relied on the Defendant's representations, i.e. the warranty, to his detriment pursuant to §17.50(a)(1).

23. As a direct and proximate result of Defendants' failure to conform the vehicle to the warranty, and by failing to make warranty repairs within a reasonable amount of time or within a reasonable number of repair attempts, the express and implied warranties have failed of their essential purpose.

24. As a direct and proximate result of the Defendants' breach of the express and implied warranties issued to Plaintiff at purchase, Plaintiff has suffered damages.

25. Pursuant to §17.50(d), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

## VI.

## MAGNUSON-MOSS FEDERAL TRADE COMMISSION ACT

26. Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301(3).

27. Defendant is a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §2301(4) & (5).

28. The vehicle is a "Consumer Product" as defined by 15 U.S.C. §2301(1).

29. One or more of the warranties given to Plaintiff by Defendant was a "Written Warranty" as defined by 15 U.S.C. §2301(6) and/or a "Service Contract" as defined by 15 U.S.C. §2301(8).

30. Defendant, through its authorized dealer(s), has been unable, unwilling and/or has refused to conform the motor vehicle to the written warranty and/or service contract by repairing one or more nonconformities within a reasonable number of attempts or a reasonable amount of time.

31. Plaintiff states that Defendant has been afforded a reasonable opportunity to cure the vehicle's nonconformities pursuant to 15 U.S.C. §2310(e).

32. As a direct and proximate result of Defendants' failure to conform the vehicle to the warranty, and by failing to make warranty repairs within a reasonable amount of time or within a reasonable number of repair attempts, the express and implied warranties have failed of their essential purpose.

33. As a direct and proximate result of Defendant's failure to comply with the express written and implied warranties and/or service contract, Plaintiff has and continues to have damages.

34. Pursuant to 15. U.S.C. §2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff asks that the Defendant be cited to appear and answer and, that upon final judgment and/or trial, the Plaintiff has judgment against the Defendant for the following:

a. An amount equal to Plaintiff's actual damages up to and including the purchase price of the vehicle;

b. Costs, including expert witness fees and reasonable attorney's fees;

c. For such other relief as this court deems just and proper.

In accordance with TCRP 47(c), Plaintiffs seek only monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees.

Respectfully submitted,

THE RIFFE LAW FIRM, P.L.L.C.

G. BRAD RIFFE
State Bar # 24062265
Attorney for Plaintiff

Dated: 1/24/2025

The Riffe Law Firm, P.L.L.C.
G. Brad Riffe (State Bar # 24062265)
2591 Dallas Parkway, Suite 300
Frisco, TX 75034
Ph.: (214) 281-8909
Fax: (888) 370-3148
briffe@riffelawfirm.com